UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDRUW CRITTENDEN, et al., | Case No. 5:21-cv-04322-EJD |
| Plaintiffs, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| APPLE, INC., | Re: Dkt. No. 42 |
| Defendant. | |

Plaintiffs Andruw Crittenden, Dana Cooper, Deborah Valcourt, Jennifer Herbert, Gloria King, Cortney Schneider, Antonio Holland, Jessie Santiago, Brianna Pasquale, Patricia Simon, Monica Charles, Steve Wayne Watson, Michael Moore, Brandi Leon, and Maria Oneal bring claims for injunctive and monetary relief for harm arising out of various iPhone software updates. *See* First Amended Class Action Complaint ("FAC"), Dkt. No. 39.  Defendant Apple, Inc. moves to dismiss Plaintiffs' amended complaint.  *See* Defendant Apple Inc.'s Motion to Dismiss ("Mot."), Dkt. No. 42.  On November 8, 2021, Plaintiffs filed an opposition, to which Defendant filed a reply.  *See* Plaintiffs' Opposition to Defendant Apple, Inc.'s Motion to Dismiss ("Opp."), Dkt. No. 44; Defendant Apple Inc.'s Reply in Support of Motion to Dismiss ("Reply"), Dkt. No. 47.  Having considered the record in this case, the Parties' papers, and the relevant law, the Court **GRANTS** Defendant's motion to dismiss.[1]

---

[1] On May 27, 2022, the Court found this motion appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b).  *See* Dkt. No. 50.

Case No.: 5:21-cv-04322-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

1

## I.    BACKGROUND

Plaintiffs are iPhone users from California, Florida, New Jersey, Wisconsin, Pennsylvania, Georgia, Ohio, and Illinois.  FAC ¶¶ 10–27.  Plaintiffs collectively own the following devices: iPhone 10-S Max, iPhone 11, iPhone 12, iPhone 11 Pro Max, iPhone 12 Mini, iPhone 12 Pro Max, and iPhone XR.  FAC ¶¶ 10–27.

Defendant is a California-based technology company that sells and markets iPhones, amongst other devices.  FAC ¶ 28.  Defendant releases free iOS software updates to iPhone users to fix bugs, introduce new features, and address security vulnerabilities.  FAC ¶ 32.  Defendant does not require users to install the new updates.  Rather, users must voluntarily download an iOS update by clicking an "Install Now" button or agreeing in advance to "automatically update" their device with new updates.  FAC ¶¶ 34, 36.

Defendant released three iOS updates—iOS 14.5, 14.5.1, and 14.6—that fixed bugs and added security updates and new features to the iPhone's software, including "recalibration of iPhone battery utility" in iOS 14.5.  FAC ¶¶ 38, 40, 44, 54.  Plaintiffs allege that shortly after installing the iOS 14.5.1 update they (and many other consumers) experienced reduced performance and inhibited battery life on their iPhones.  FAC ¶¶ 45–51.  Numerous iPhone users complained that, following the update, their iPhone was "noticeably slower," there was "visible lag," and benchmark testing demonstrated that the phone's performance had slowed.  FAC ¶¶ 46–48.  Media reported this reduced performance and noted that the iOS 14.5.1 update was "leading to lower than usual benchmark scores and slower performance."  FAC ¶ 49.  Benchmark testing showed that the iOS 14.5.1 update had reduced the performance of the latest model iPhones (at that time the iPhone 11 and 12 models) "by as much as 60%."  FAC ¶ 51.

About three weeks later, Defendant released another software update, the iOS 14.6 update.  FAC ¶ 53.  In the release notes for the iOS 14.6 update, Defendant stated that the update was issued in part to "fix" issues in which iPhones "may experience reduced performance during startup."  FAC ¶ 54.  Plaintiffs allege that this fix did not work and that many consumers still reported reduced performance on their iPhones following the iOS 14.6 update.  FAC ¶ 56.

Case No.: 5:21-cv-04322-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

2

1  Consumers also reported that, following the iOS 14.6 update, their devices' battery life had

2  worsened.  FAC ¶ 56.

3          Plaintiffs allege that Defendant "designs every aspect of the iOS system, including the

4  updates to that system."  FAC ¶ 60.  Plaintiffs maintain that Defendant tests the impact these

5  updates have on iPhones before their release to the public, including the potential impact these

6  updates will have on the iPhones' software, such as processing speed, performance with everyday

7  tasks, and battery life.  FAC ¶ 60.  Plaintiffs therefore argue that Defendant "knew that these iOS

8  updates were likely to reduce performance and inhibit battery life for the various iPhone models at

9  issue."  Opp. at 4.

10          Plaintiffs bring four claims related to their allegations that the iOS updates slowed their

11  iPhones' performance and diminished their battery life so that they would be more likely to

12  purchase a new device.  FAC ¶¶ 78–107.  Plaintiffs allege a trespass to chattels claim and

13  violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, *et seq.*, California

14  Computer Data Access and Fraud Act ("CDAFA"), Cal. Penal Code § 502, *et seq.*, and

15  California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*  Notably,

16  these are the same legal causes of action this Court allowed to proceed to discovery in the related

17  multidistrict litigation action (hereinafter "Apple MDL").  *See In re Apple Inc. Device*

18  *Performance Litig.*, 386 F. Supp. 3d 1155, 1184–85 (N.D. Cal. 2019) ("*Device Performance II*").

19  Indeed, Plaintiffs recognize that Defendant "recently settled a large class action with similar

20  allegations but about a different subset of devices and about an older iPhone update."  FAC ¶ 62.

21      **II.     LEGAL STANDARD**

22          **A.  Rule 12(b)(6)**

23          Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with enough

24  specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which

25  it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations marks omitted).  A

26  complaint which falls short of the Rule 8(a) standard may therefore be dismissed if it fails to state

27  a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule

28  Case No.: 5:21-cv-04322-EJD
   ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). When deciding whether to grant a motion to dismiss, the Court must accept as true all "well pleaded factual allegations" and determine whether the allegations "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Court must also construe the alleged facts in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 570).

A court generally may not consider any material beyond the pleadings when ruling on a Rule 12(b)(6) motion. If matters outside the pleadings are considered, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, documents appended to the complaint, incorporated by reference in the complaint, or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Rule 12(b)(6) motion. *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998 (9th Cir. 2018); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Likewise, a court may consider matters that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Roca v. Wells Fargo Bank, N.A.*, 2016 WL 368153, at *3 (N.D. Cal. Feb. 1, 2016) (quoting Fed. R. Evid. 201(b)).

### B. Federal Rule of Civil Procedure 9(b)

Consumer protection claims that sound in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003); *San Miguel v. HP Inc.*, 317 F. Supp. 3d 1075, 1084 (N.D. Cal. 2018). Rule 9(b) requires that "a party . . . state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The circumstances constituting the fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything

United States District Court
Northern District of California

wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).  Therefore, a party alleging

fraud must set forth "the who, what, when, where, and how" of the misconduct.  *Vess*, 317 F.3d at

1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).  "[I]n a case where fraud is

not an essential element of a claim, only allegations . . . of fraudulent conduct must satisfy the

heightened pleading requirements of Rule 9(b)" while "[a]llegations of non-fraudulent conduct

need satisfy only the ordinary notice pleading standards of Rule 8(a)."  *Id.* at 1104–05.

### III.    DISCUSSION

Defendant first argues that Plaintiffs' claims should be dismissed because almost the entire

FAC is pled "upon information and belief" about *other* people's experiences with the iOS

downloads.  Mot. at 6.  Defendant contends that this does not comply with Federal Rule of Civil

Procedure 8, let alone Rule 9's heightened pleading standard.  In response, Plaintiffs argue that

allegations based upon "information and belief" are permissible.  *See* Opp. at 6 (citing *Jordan-*

*Benel v. Universal City Studios, Inc.*, 2015 WL 3888149, at *12 (C.D. Cal. June 24, 2015) ("There

is no general bar to pleading upon information and belief.")).  Because the Court dismisses on this

ground, it does not reach Defendant's alternative grounds for dismissal.

Under Federal Rule of Civil Procedure 8, Plaintiffs must plausibly plead facts showing that

Defendant intentionally developed iOS updates to slow their iPhones.  *Iqbal*, 556 U.S. at 678.

This standard requires more than "a sheer possibility that a defendant has acted unlawfully."  *Id.*

Further, Plaintiffs must plead "facts tending to exclude the possibility that the alternative

explanation[s are] true."  *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir.

2013).  Because Plaintiffs' claims sound in fraud, they must also plead those facts "with

particularity" to satisfy Federal Rule of Civil Procedure 9.  *Device Performance II*, 386 F. Supp.

3d at 1165, 1181.

The Court agrees that Plaintiffs have not pled facts that support their theory that Defendant

intentionally developed iOS updates 14.5, 14.5.1, and 14.6 to slow iPhone performance and

battery life.  Problematically, Plaintiffs have not alleged when they downloaded the updates or

how the updates impacted their devices, let alone how they experienced "reduced processing

United States District Court
Northern District of California

speeds and/or reduced battery performance." Rather, Plaintiffs only allege that their iPhone devices were "damaged as a result of the conduct by Apple . . . in the form of reduced processing speeds and/or reduced battery performance." FAC ¶¶ 10–12, 14, 16–27; *see also In re Merrill Lynch & Co., Inc.*, 273 F. Supp. 2d 351, 371–72 (S.D.N.Y. 2003) ("The extensive use of generalized plural nouns . . . combined with the use of vague modifiers ['often,' 'concerning,' 'in many cases,' '*and/or*,' '*inter alia*'] and a marked absence of named particulars—are a dead giveaway that the complaints are skirting the pleading requirements imposed by Rule 9(b)[.]" (first emphasis added)). Indeed, Plaintiffs do not detail their own experiences, but rather use an enforcement action in Spain to "strengthen[] the inference that the performance problems are caused by the software updates." Opp. 8 n.2. Plaintiffs' other allegations focus on anonymous online postings about *other* people's perceived performance issues after downloading the relevant iOS updates. These allegations do not support a plausible claim that *Plaintiffs* experienced issues with the updates. This is especially true given the full context of the Internet sources cited in the FAC. *See* FAC ¶¶ 46–51, 56–59; Dkt. 42-3 at 109–10 ("Everything works flawlessly on my iPhone 12. No issues."); *Id.* at 234 ("14.5, 14.5.1, and 14.6 have all been rock solid for me so far with good performance and battery life."); *Id.* at 31 (commenter noting that waiting fifteen minutes after rebooting can resolve performance issues).[2] Plaintiffs thus cannot rely on negative online reviews alone to establish deficiency, as there are other reviews that establish non-deficiency. Accordingly, because Plaintiffs' allegations do not "exclude the possibility that [] alternative explanation[s] [are] true," they lack plausibility. *Century Aluminum*, 729 F.3d at 1108.

Plaintiffs argues that Defendant demands too much at the pleading stage. Opp. at 5–8. The Court disagrees. While Plaintiffs may use pleadings based upon "information and belief," those allegations must still be sufficiently particular to meet the pleading burden. Plaintiffs' pleadings fail because they do not allege facts upon which their beliefs are founded. Moreover, as the Ninth Circuit has explained, pleading upon information and belief is appropriate where "the

---

[2] Defendant asks the Court to take judicial notice of the webpages and Software License Agreement that Plaintiffs cite in their FAC. The Court **GRANTS** this request.

1   facts are peculiarly within the possession and control of the defendant or where the belief is based

2   on factual information that makes the inference of culpability plausible." *Soo Park v. Thompson*,

3   851 F.3d 910, 928 (9th Cir. 2017) (quotation marks omitted).  Neither circumstance is present.

4   The facts at issue are in Plaintiffs' control—they are the owners of the allegedly defective iPhones.

5   Likewise, "parrot[ing] internet musings about things [Defendant] may or may not being doing, and

6   which [P]laintiffs may or may not have experienced themselves," is insufficient to establish a

7   plausible inference of culpability.  *Heeger v. Facebook, Inc.*, 509 F. Supp. 3d 1182, 1188 (N.D.

8   Cal. 2020).  Accordingly, Plaintiffs' FAC must be dismissed pursuant to Federal Rules of Civil

9   Procedure 8 and 9.

10          **IV.     CONCLUSION**

11          For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss.  When

12   dismissing a complaint for failure to state a claim, a court should grant leave to amend "unless it

13   determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v.*

14   *Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000).  Although the Court has determined that Plaintiffs

15   have failed to plead sufficient facts to establish plausibility, it is possible Plaintiffs can cure their

16   allegations by alleging, among other things, more particular facts as to how the updates impacted

17   them personally.  Accordingly, the Court grants Defendant's motion to dismiss **with leave to**

18   **amend**.

19          Should Plaintiffs choose to file an amended complaint, they must do so by July 6, 2022.

20   Failure to do so, or failure to cure the deficiencies addressed in this Order, will result in dismissal

21   of Plaintiffs' claims.  Plaintiffs may not add new claims or parties without leave of the Court or

22   stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.

23          **IT IS SO ORDERED.**

24   Dated: June 14, 2022

25

26

27   EDWARD J. DAVILA
     United States District Judge

28   Case No.: 5:21-cv-04322-EJD
     ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California