UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDRUW CRITTENDEN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No.  5:21-cv-04322-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 55 |

Plaintiffs Andruw Crittenden, Dana Cooper, Deborah Valcourt, Jennifer Herbert, Gloria King, Cortney Schneider, Antonio Holland, Jessie Santiago, Brianna Pasquale, Patricia Simon, Monica Charles, Steve Wayne Watson, Michael Moore, Brandi Leon, and Maria Oneal (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, bring claims for injunctive and monetary relief for harm arising out of various iPhone software updates. *See* Second Am. Class Action Compl. ("SAC"), ECF No. 54.  Defendant, Apple, Inc., ("Apple") moves to dismiss Plaintiffs' Second Amended Complaint under Rule 12(b)(6) for failure to state a claim to relief.  *See* Def.'s Mot. to Dismiss ("Mot. Dismiss"), ECF No. 55.  Plaintiffs filed an opposition, to which Defendant filed a reply.  *See* Pls.' Opp'n to Mot. to Dismiss ("Opp'n"), ECF No. 55; Def.'s Reply in Support of Mot. to Dismiss ("Reply"), ECF 56.  Having carefully reviewed the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons explained below, the Court GRANTS Defendant's motion to dismiss WITH LEAVE TO AMEND.

Case No.: 5:21-cv-04322-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
1

## I. BACKGROUND

Plaintiffs are iPhone users from California, Florida, New Jersey, Wisconsin, Pennsylvania, Georgia, Ohio, and Illinois. SAC ¶¶ 14–36. Plaintiffs collectively own the following devices: iPhone 10-S Max, iPhone 11, iPhone 12, iPhone 11 Pro Max, iPhone 12 Mini, iPhone 12 Pro Max, and iPhone XR. *Id.* Plaintiffs seek certification of the following national class, among additional state sub-classes: "All purchasers, owners, users, or lessees of the iPhone devices in the United States from iPhone 8 through present (the 'Devices') who experienced reduced functionality on their iPhone in the form of reduced battery life, reduced functionality, and/or processing speed caused by iOS 14.5, and/or iOS 14.5.1 and/or iOS 14.6." *Id.* ¶ 86.

Defendant, Apple, Inc., is a California-based technology company that sells and markets iPhones, among other devices. *Id.* ¶ 37. Apple releases free iOS software updates to iPhone users to fix bugs, introduce new features, and address security vulnerabilities. *Id.* ¶ 40. Users must voluntarily download an iOS update by clicking an "Install Now" button or agreeing in advance to "automatically update" their device with new updates. *Id.* ¶¶ 41, 45.

Apple released three iOS updates—iOS 14.5, 14.5.1, and 14.6—to fix bugs and add security updates and new features to the iPhone's software, including "recalibration of iPhone battery utility" in iOS 14.5. *Id.* ¶ 49. Plaintiffs allege that these updates "significantly damaged their iPhones, causing their processing speeds to decrease dramatically, and their batteries to drain faster." *Id.* ¶ 7.

Plaintiffs filed their First Amended Complaint alleging that Apple intentionally developed iOS updates 14.5, 14.5.1, and 14.6 to slow their iPhones in violation of the Computer Fraud and Abuse Act, the California Computer Data Access and Fraud Act, trespass to chattels, and California's Unfair Competition Laws. *See* Pls.' First Am. Class Compl. ("FAC"), ECF No. 39. Apple moved to dismiss the First Amended Complaint under Rule 12(b)(6) for failure to state a claim to relief sufficient to meet the pleading standards of Rule 9(b), which the Court granted with leave to amend. *See* Order Granting Def.'s Mot. to Dismiss ("Prior Order"), ECF No. 51. The Court found that Plaintiffs failed to plead with sufficient particularity because they did not allege

Case No.: 5:21-cv-04322-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
2

1    any harm specific to themselves, instead relying on anonymous blog posts and other consumers'

2    experiences. *Id.* at 5–7. Before the Court now is Apple's motion to dismiss Plaintiffs' Second

3    Amended Complaint.

**II.    LEGAL STANDARD**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). When deciding whether to grant a motion to dismiss under Rule 12(b)(6), the court must generally accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). While a plaintiff need not offer detailed factual allegations to meet this standard, she is required to offer "sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must construe the alleged facts in the light most favorable to the plaintiff. *See Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) ("[The court] must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party."). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

Claims sounding in fraud must also meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102–03 (9th Cir. 2003). Under Rule 9(b), a party "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Typically, Rule 9(b) requires the party alleging fraud to plead "the who, what, when, where, and how" of the misconduct. *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

If the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

Case No.: 5:21-cv-04322-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
3

## III. DISCUSSION

Apple argues that Plaintiffs have failed to cure the deficiencies the Court identified in its Prior Order. Mot. Dismiss 7–10. The Court agrees and grants Apple's motion to dismiss for this reason. The Court does not address Apple's remaining arguments.

In its Prior Order granting dismissal, the Court found that Plaintiffs failed to plead allegations sufficiently particular to state a claim to relief. Prior Order 6. In their First Amended Complaint, Plaintiffs plead upon information and belief about other people's experiences with the iOS updates, not their own. *Id.* at 5. They failed to allege when they downloaded the updates, how the updates impacted their devices, or how they experienced reduced processing speeds or battery lives. *Id.* at 5–6. Instead, Plaintiffs relied on an enforcement action in Spain and anonymous online posts about other people's perceived issues to allege harm. *Id.* at 6. While Plaintiffs are permitted to plead facts upon information and belief, the Court noted that they still must plead facts specific to themselves upon which their beliefs are founded. *Id.*

In their Second Amended Complaint before the Court, Plaintiffs cured some deficiencies identified in the Prior Order. Namely, Plaintiffs allege facts specific to their own experiences to show how the updates impacted their devices and how they experienced reduced processing speeds or battery lives. For example, Plaintiff Crittenden experienced "slower loading applications and glitching with the applications themselves; reduced battery life (for example, Plaintiff Crittenden's iPhone's battery drops substantially within minutes of getting into his daily commute); glitches including slowed scrolling within applications, automatic shutdown issues (his iPhone restarts on its own)[;] and overheating." SAC ¶ 15. Plaintiff Schneider also plead to "experiencing lagged loading of pages withing; applications that crash and close; applications that generally take longer to load; and the iPhone shuts down randomly restarts itself." *Id.* ¶ 23. All other Plaintiffs similarly plead facts showing how the updates impacted their devices and how they experienced reduced processing speeds or battery lives. *See, e.g., id.* ¶¶ 14–37. Plaintiffs also allege that they all promptly update their iPhones with the latest iOS updates as soon as they become publicly available, and every Plaintiffs' iPhone has been updated with iOS updates 14.5,

14.15, and 14.6. *Id.* ¶¶ 14, 15, 17, 19, 21, 22, 24, 26–29, 31, 33–35. Specifically, Plaintiffs allege that they were prompted to download the iOS update 14.5 on or about April 26, 2021.[1] *Id.* ¶¶ 6, 48. Plaintiffs further allege that the 14.5.1 update became publicly available on May 3, 2021, *id.* ¶ 52, and the 14.6 update became publicly available on May 24, 2021, *id.* ¶ 63. Plaintiffs argue that the Court can reasonably infer that, because Plaintiffs promptly upload all iOS updates as soon as they become publicly available, Plaintiffs uploaded the iOS updates within the short time frame between releases—i.e., Plaintiffs uploaded the iOS update 14.5 sometime between April 26 and May 3, 2021, the iOS update 14.5.1 sometime between May 3 and May 24, 2021, and the iOS update 14.6 sometime between May 24, 2021 and the date this action was filed, June 7, 2021. Opp'n 5–6.

However, Plaintiffs have failed to plead fact showing when their harms began, and which update caused which harms. First, Plaintiffs' Second Amended Complaint does include facts showing when the updates became available to the public and allege that they uploaded the updates promptly after their release; but the complaint fails to allege when Plaintiffs' *harms* began. It is unclear if Plaintiffs are alleging that their harms began after the 14.5 update, the 14.5.1 update, the 14.6 update, or some time thereafter. Second, Plaintiffs' Second Amended Complaint does include facts showing how their devices were harmed; but the complaint fails to allege which update caused which harm. Plaintiffs allege that three separate updates—14.5, 14.5.1, and 14.6—each caused harm to their devices.[2] But Plaintiffs fail to differentiate between the updates when alleging their injuries. Instead, Plaintiffs claim that their iPhones were all "updated with each of the Updates relevant to this Action," and each of their iPhones were

---

[1] There appears to be a Scrivener's error in Plaintiffs' Second Amended Complaint. Plaintiffs list the iOS 14.5 release date in its Complaint as April 26, 2022. SAC ¶ 6. However, it is evident given the attachments and facts alleged throughout their complaint that Plaintiffs intended to write April 26, 2021. *See, e.g.,* SAC ¶ 48 (stating that the iOS 14.5 update was released on April 25, 2021), ¶ 6 n.2 (citing to an Apple press release dated April 25, 2021). The Court will therefore proceed assuming Plaintiffs intended to write April 26, 2021.

[2] Further, while Plaintiffs state facts regarding general harms caused by the 14.5.1 and 14.6 updates in their Factual Allegations, they include no such statements regarding the 14.5 update. *Compare id.* ¶¶ 47–51, *with id.* ¶¶ 55–61; 65.

Case No.: 5:21-cv-04322-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

5

"damaged as a result of the conduct by Apple." SAC ¶¶ 14, 15, 17, 19, 21, 22, 24, 26–29, 31, 33–35. As written, it is unclear to the Court whether Plaintiffs' harms resulted from the 14.5 update, 14.5.1 update, 14.6 update, or any combination thereof.

As the Court stated in its Prior Order, Plaintiffs' "allegations must be sufficiently particular to meet the pleading burden" of Rule 9(b). Prior Order 6. While Plaintiffs amended their complaint to include facts describing the alleged harms each Plaintiff suffered, the Court requires that Plaintiffs plead facts with greater specificity to show a sufficient nexus between their harms and Apple's conduct to survive a 12(b)(6) motion to dismiss. The Court grants Plaintiffs leave to amend their complaint to allege facts with more specificity and cure the deficiencies identified in this Order. *Lopez*, 203 F.3d at 1127 ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Apple's motion to dismiss with **LEAVE TO AMEND**. Should Plaintiffs choose to file an amended complaint, they must do so by October 10, 2023.

**IT IS SO ORDERED.**

Dated: September 19, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-04322-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
6